**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CAESAR ROGERS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-445 (MTT)** |
| **JOE WILLIAMS, JR., *et. al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

In this case, *pro se* Plaintiff Caesar Rogers filed a complaint against Defendants, all Department of Corrections officials, in their individual capacity. ECF 1. He brings claims under 42 U.S.C. § 1983 for excessive force, conspiracy to obstruct justice, and free speech retaliation for events that occurred on August 8 and 9, 2024. Id. In his complaint, Rogers claims during the August 9 cell extraction that "[t]here was no need for Defendants to use any force on Plaintiff," but rather used "greatly excessive force" without "any good faith basis." Id. ¶ 75-77. Further, he claims that "there was no cause for a cell extraction" because this was only to be used when a prisoner "refused commands or presented an imminent security threat, and Mr. Rogers knew he had not refused any command and presented no security threat." Id. ¶ 48.

After the Court ordered disclosure of video and photographic evidence related to the events described in the complaint, Defendants disclosed video evidence of the August 9 cell extraction. ECF 13; 21. Upon reviewing the video evidence, Rogers's attorney filed a motion to withdraw as his attorney, which was granted by the Court. ECF 18; 23. The Court, after reviewing the video evidence, ordered Rogers to show

cause "why this case should not be dismissed because it is patently without merit," since "the video evidence of the cell extraction [] shows the Plaintiff with a weapon in his cell." ECF 27. Rogers, upon reviewing the video evidence, admits to having a weapon. ECF 31. The complaint therefore clearly contains misrepresentations regarding the August 9 cell extraction.

Accordingly, Rogers is **ORDERED** to amend his complaint **no later than October 21, 2026** in compliance with the following instructions.[1]

## I. DISCUSSION

The amended complaint will take the place of, and supersede, the Rogers's former complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Rogers may not refer to, or incorporate by reference, his previous complaint, and the Court will not look back to the facts alleged in the former complaint once the amended complaint is filed. *Id.* (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

### A. Format of Amended Complaint

The amended complaint shall include the following sections: 1) Identification of the Parties, 2) Basis for Jurisdiction, 3) Statement of Facts, 4) Statement of Claims. Each section should include, at a minimum, the information addressed under each heading below:

#### 1. Identification of the Parties

[1] Failure to comply with the Court's orders is grounds for dismissing this case. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (explaining the Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981).

In this section, Rogers shall identify all parties to the case.

**2. Basis for Jurisdiction**

In this section, Rogers shall identify every basis supporting the Court's subject matter jurisdiction in the case. The Court may have subject matter jurisdiction from several sources, and the Court may have subject matter jurisdiction over some claims but not others. The original complaint alleged claims under 42 U.S.C. § 1983, and therefore the Court assumes Rogers will allege federal question jurisdiction under 28 U.S.C. § 1331.[2]

**3. Statement of Facts**

In this section, Rogers shall state, in numbered paragraphs, all facts pertinent to Rogers's claim(s).

**4. Statement of Claims**

In this section, Rogers shall state each claim for recovery. Each claim shall be stated under a separate heading. Each heading shall be labeled and numbered as a "count." Headings shall identify what the claim is and against whom it is asserted.[3] Under each heading, Rogers shall cite the appropriate statutory or constitutional authority for bringing the claim and state the factual basis for their claim. Rogers must provide enough facts to plausibly allege that each defendant's actions or omissions resulted in the violation of their rights under a specific law.

The Court recommends Rogers list numbered responses to the following questions:

[2] Rogers has not alleged any state law claims in his complaint.

[3] Rogers must link any claims they make to a named defendant. If Rogers fails to link a named defendant to a claim, the claim will be dismissed; if Rogers makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

(1) What did each defendant do (or not do) to violate their rights?

(2) When did the action(s) occur?

(3) How was Rogers injured as a result of the defendant's actions?

### B. Fed. R. Civ. P. 11 Obligations

The Court informs Rogers of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Rogers's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

### C. Artificial Intelligence

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Rogers in meeting their pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Rogers's amended complaint, Rogers shall include a signed statement fully disclosing the use of AI to assist in the preparation of and drafting of the pleading. The statement shall also certify that Rogers has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Rogers is **ORDERED** to, consistent with these instructions, amend his complaint **no later than October 21, 2026**.

**SO ORDERED**, this 21st day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT